[L. A. No. 1095.   Department Two.—October 18, 1902.]

## SOUTHERN CALIFORNIA MOUNTAIN WATER COMPANY, Appellant, v. LINCOLN UNIVERSITY, Respondent.

Title under United States Patent—Jurisdiction of Estate of Deceased Person—Determination of Adverse Claim.—Where a title by patent from the United States vested absolutely in the widow and two children of the deceased husband and father, free from any trust attaching to his estate, the land granted by the patent forms no part of his estate, and the court sitting in probate has no jurisdiction to administer upon it. The successor in interest of the widow and children, claiming under the foreclosure of a mortgage against them, is entitled to recover in an action to determine the adverse claim of a grantee of the widow claiming under an order setting apart the land to her as a homestead in the administration of the estate of her deceased husband.

Id.—Case Affirmed.—The case of McDonald v. McCoy, 121 Cal. 55, is affirmed.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Titus & Shaw, for Appellant.

C. H. Rippey, for Respondent.

HENSHAW, J.—This action was brought to settle conflicting claims to real estate, the land involved being a portion of the Jamul Rancho, which under proceedings in probate in the estate of Henry S. Burton, deceased, had been by the probate court set apart as a homestead to his widow.  The history of the title to the Jamul Rancho will be found set forth in the case of *McDonald* v. *McCoy*, 121 Cal. 55.  Therein also will be found the law determining title to the rancho in so far as in any case such title may depend upon the same facts as those set forth in that decision.  In *McDonald* v. *McCoy* it is held that title by patent from the United States vested in the widow and two named children of Henry S. Burton absolutely and free from any trust attaching to the estate of the deceased husband and father.  As a necessary corollary to this, the Jamul Rancho formed no part of the estate of Henry S. Burton, deceased, and the court in probate was powerless to administer upon it.  The widow and children had executed a mortgage upon the rancho to Maurice Dore.  That mortgage had been foreclosed, and the legal title to the rancho had passed to Leach and Capron, who in turn had executed a mortgage upon the whole rancho to one Bayley, the agent of Dore.  The title in turn acquired after proceedings in foreclosure and sale under the Bayley mortgage was the foundation of plaintiff's claim in *McDonald* v. *McCoy*, the defendants in that action claiming title through a probate sale of a portion of the rancho made by order of court in the administration of the estate of Burton.  In the present case plaintiff's claim rests upon the same foundation, it having become grantee of the sheriff's deed under execution and sale following the foreclosure of the Bayley mortgage.  Defendant's title rests for its sufficiency upon the validity of the proceedings and order of the probate court in the estate of Henry Burton,

setting aside the land in question to the widow as her homestead. While the parties to this action are different parties from those in *McDonald* v. *McCoy,* the evidence introduced in their respective deraignments of title, for all purposes necessary to the consideration of the questions here involved, is practically, if not absolutely, identical with the evidence which was before the court in *McDonald* v. *McCoy.* It consisted of copies of the proceedings before the land commissioners, the affidavits of the parties in interest, and the orders and decrees of the United States courts in determining title, and the patent which followed such determination.

In the briefs of counsel in this case much argument is indulged in pro and con, both as to the effect of the decision in *McDonald* v. *McCoy* upon the case at bar, and as to the soundness of that decision in declaring the law of the general title of the rancho. A re-examination of the latter question serves but to confirm this court in the opinion expressed in *McDonald* v. *McCoy.* As to the former proposition, the evidence in the case, as has been said, being to all intents and purposes identical with the evidence in the former case, no doubt can be entertained but that title to the land in controversy is in plaintiff, and, indeed, much of counsel's argument is made unnecessary by the actual finding of the court that the *legal* title to the land in dispute is in fact in plaintiff. The court not only so found, but found in addition against all the many defenses raised by the defendants, saving one. This defense sets forth at length the proceedings before the land commissioners in the United States courts by which patent issued to the Burtons; sets forth the proceedings in probate upon the estate of Burton, whereby the land was set apart as a homestead, and certain judgments and decrees in different actions affecting the title, all of which judgments were reviewed in *McDonald* v. *McCoy;* and, to summarize, it pleads that the Burtons, under the patent, and those who deraigned title through and under them by means of the Dore mortgage, including the plaintiff, held at the most but the bare, naked legal title to the rancho, in trust for the owners of the beneficial and equitable title to the rancho, which rancho was a part of the estate of Henry S. Burton, deceased. The trial court adopted this view, and held and

decreed that there was a complete equitable title in the defendant to the land in question. Its equity, so far as is disclosed by the record, amounts to this, and no more, that it paid full value for the land upon the conviction and under the belief that a good title was conveyed to Mrs. Burton by the order and decree of the court in probate setting the land apart to her as a homestead. Of course, this, standing alone, is not a sufficient equity to draw to it the legal title, and the only other conclusion that can be reached is, that the court must have adopted the view that the Burtons, under their patent, did take title to the land in trust for all the heirs of the estate of Henry S. Burton, deceased, and that the rancho was therefore properly administered upon and disposed of by the court in probate. But this view is at absolute variance with the reasoning set forth and the conclusion reached in *McDonald* v. *McCoy,* 121 Cal. 72.

The judgment and order must therefore be reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.